### In re DECKLER et al.

District Court, S. D. New York. November 2, 1929.

Robert Ferrari, of New York City, for the motion.

WOOLSEY, District Judge. By General Order XLII of the Supreme Court it is provided, inter alia, that every petition filed by an attorney, a receiver, or a trustee seeking an allowance of compensation from a bankrupt estate for services "shall be accompanied by an affidavit of the applicant stating that no agreement has been made, directly or indirectly, and that no understanding exists, for a division of fees between the applicant and the receiver, the trustee, the bankrupt, or the attorney of any of them"; and also that "in the absence of such petition and affidavit no allowance of compensation shall be made."

General Order XLII provides, therefore, *as a condition precedent* to the allowance of any compensation that there shall be an affidavit in accordance with its requirements. In the instant case there is not any affidavit as required by General Order XLII annexed to the petition of Robert Ferrari, the attorney for the receiver, or of William B. Linder, the attorney for the bankrupt, nor are the statements required in such affidavits otherwise incorporated in their petitions.

The proper practice is to have the affidavit under General Order XLII entirely separate from the petition. Often the statement required by General Order XLII is included as part of the petition, but this is not a correct compliance with the rule. Referees, in reporting, should always state in their reports—as some referees now do—whether the necessary affidavits under General Order XLII have been included in the papers on which their reports are based. If such affidavits are not included, referees have not any right to grant any allowances.

In view of the absence of such affidavit in the report under consideration, it is returned to the referee for correction, and for a supplemental report, with the addition of such affidavits, if they can be properly made. It is futile to have General Order XLII in force, unless compliance with it is strictly required, for compliance with it is a condition precedent to the granting of any allowances.

I am returning the report to the referee in this case for a supplemental report. But if affidavits required under General Order XLII are not annexed to petitions for allowances submitted to me with reports hereafter, the allowances requested will be finally denied, without sending reports back for further action by the referees.

This report, and the supplemental report hereby ordered, must be again noticed for hearing after the supplemental report is filed. At that time, and not till then, can the allowances be considered.